UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARY COLLETTA,

                Plaintiff,

      -against-

NORTHWELL HEALTH, INC.,
PECONIC BAY MEDICAL CENTER,
MONICA CHESTNUT RAULS, Vice President
Human Resources; STEPHANIE RUSSO, Associate
Executive Director of Perioperative Services;
individually and in their official capacities;

                Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-2112 (JMA) (SIL)

**AZRACK, United States District Judge:**

Plaintiff has commenced three separate actions in this Court arising from her employment by Defendant Northwell Health, Inc. ("Northwell"). In 2017, Plaintiff filed Colletta v. Northwell Health, et al., 17-CV-6652(JMA)(SIL) (the "2017 Case"). In 2018, Plaintiff filed Colletta v. Northwell Health, et al., 18-CV-2677(JMA)(SIL) (the "2018 Case"), which was consolidated with the 2017 Case.

Then, on April 15, 2021, Plaintiff, acting pro se, filed her most recent case, 21-CV-2112 (JMA) (SIL) (the "2021 Case"). The complaint filed in the 2021 Case will be referred to as the "2021 Complaint."

Currently pending in the 2021 Case is a motion to dismiss filed by Defendants. Defendants' motion to dismiss seeks dismissal of the 2021 Complaint, arguing that: (1) the claims in the 2021 Complaint should be dismissed based on the doctrine of "claims-splitting" given Plaintiff's two prior actions; (2) Plaintiff's federal claims are unexhausted and untimely; and (3) Plaintiff's state law claims are time-barred.

With respect to claims-splitting, many of the allegations in the 2021 Complaint are duplicative of the allegations set out in Plaintiff's prior complaints. And, even the non-duplicative allegations in the 2021 Complaint may constitute claims-splitting given that, in her prior cases, Plaintiff filed amended complaints in June 2018, July 2018, and November 2019. However, given the overlap between the two pending actions and the fact that Plaintiff filed the 2021 Complaint pro se, the Court defers ruling on claims-splitting at this time and will instead entertain Defendants' claims-splitting arguments, at summary judgment, based on a complete record.

Discovery is already ongoing in the 2017 Case. That discovery also has relevance to the allegations in the 2021 Case. The parties are directed to complete discovery on both cases. All discovery matters are referred to Magistrate Judge Locke. In the 2021 Case, Defendants may renew, at summary judgment, their argument that claims in the 2021 Complaint are barred by the claims-splitting doctrine.

Defendants also assert that Plaintiff's claims should be dismissed on other grounds. Defendants maintain that Plaintiff's state law claims under the New York State Human Rights Law ("NYSHRL") are time-barred. However, Plaintiff's NYSHRL claims are subject to a three-year statute of limitations. See N.Y. C.P.L.R. § 214(2). As such, any NYSHRL claims in the 2021 Complaint that accrued after April 15, 2018 would be timely. Accordingly, Defendants' motion to dismiss on this ground is denied.

Defendants contend that Plaintiff's federal claims are unexhausted and untimely. The Court denies Defendants' motion to dismiss concerning timeliness and exhaustion. These affirmative defenses are more appropriately considered at summary judgment. The Court notes that, even if some or all of the federal claims in the 2021 Complaint might be subject to dismissal

on exhaustion or timeliness grounds, the parties would still have to engage in discovery on the related and timely NYSHRL claims contained in Plaintiff's 2021 Complaint.

For the reasons stated above, Defendants' motion to dismiss is denied. Defendants' arguments concerning timeliness, exhaustion, and claims-splitting are denied without prejudice and may be renewed at summary judgment.

Defendants' motion also asks the Court to sanction Plaintiff. That request is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated:   September 30, 2023
         Central Islip, New York

                                                          /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE